**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CR-104-TCK |
| ) | |
| JEFFREY RAY ROUNDTREE, ) | Civil No. 10-CV-162-TCK-FHM |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 31) ("§ 2255 Motion") filed by Defendant Jeffrey Ray Roundtree ("Defendant").

**I.   Background**

Defendant was originally charged in a three-count Indictment with (1) coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the minor; (2) conspiring to commit bank robbery; and (3) attempted bank robbery. In connection with a plea agreement, the United States filed a one-count Information charging Defendant with possessing a visual depiction of a minor engaging in sexually explicit conduct, which carries a 120-month statutory maximum. The factual basis for the Information was Defendant's possession of a digital camera containing two images of him engaging in sexual intercourse with a 15-year old female.

Defendant pled guilty to the Information on December 8, 2008. The plea agreement included a waiver of Defendant's "right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver" ("Waiver"). (Doc. 18 at 3.) Defendant's counsel, Mr. Stephen Greubel ("Greubel"), did not object to the guidelines calculation set forth in the Presentence Report ("PSR"), which calculated a guidelines range of 168-210 months. Greubel filed a Motion

for Variance or Non-Guidelines Sentence ("Motion for Variance"), arguing for a sentence below the statutory maximum of 120 months and well below the guidelines range of 168-210 months. Greubel's argument was based primarily on the nature of the offense compared to other violations of the relevant criminal statute:

> Defendant Roundtree was 22 years of age at the time of his criminal offense. His victim was a high school student not quite 16 years of age. Their relationship was one of mutual attraction and interest, but Defendant Roundtree readily acknowledges that the victim should incur no blame whatsoever for what transpired between them. Defendant Roundtree accepts full responsibility for having taken advantage of the victim's immaturity and lack of judgment. The gravamen of Defendant Roundtree's criminal conduct is his sexual intercourse with the minor victim. The two (2) pictures of the victim taken with a digital camera (the basis of the federal offense), were the result of an impulsive act occurring within the context of the sexual intercourse itself. The pictures were not taken for the purpose of collection or distribution. Though Defendant Roundtree agrees that the sentencing guidelines have been calculated correctly in his presentence report, he maintains that his criminal conduct does not fall within the "mine run" of cases that are typically punished under U.S.S.G. § 2G2.2. This is not a case where the defendant intentionally sought out a minor victim or victims for the purpose of producing sexually explicit visual images for distribution to others. Defendant Roundtree has already suffered a state conviction for having engaged in sexual intercourse with the minor victim. He was ordered to serve 244 days in custody for that offense. Without a variance, the federal sentence for having taken two (2) pictures associated with the actual sexual intercourse will be ten (10) times the sentence imposed for the sexual intercourse itself.

(Doc. 22 at 4-5.) The Court denied the Motion for Variance and sentenced Defendant to the statutory maximum of 120 months.

## II.   § 2255 Motion

Defendant filed a timely § 2255 Motion, arguing that "he was denied ineffective assistance of counsel during . . . his sentencing hearing." (§ 2255 Motion at 5.) Defendant's briefs also include certain conclusory statements regarding "ineffective assistance of counsel during plea agreement proceedings," (*see* § 2255 Motion at 18) and that Greubel "failed to explain to me that I was waiving my appellate and post-conviction rights," (*see* Reply in Support of § 2255 Motion at 2). However,

such statements are not supported by any substantive factual assertions or arguments made in Defendant's briefs. Instead, all arguments relate to Gruebel's failures to object to the PSR and/or to make factual and legal arguments that could have reduced the length of Defendant's sentence. For example, Defendant's reply brief cites several Tenth Circuit decisions where lesser sentences were imposed under the relevant statute, and Defendant argues that Greubel should have located such cases had he done proper research and investigation. Defendant also contends that the Court miscalculated the proper guidelines range and, presumably, that Greubel should have objected to the PSR. The conclusion of the reply states:

> For all the reasons presented, the Court should conclude that there were procedural errors at my sentencing hearing due to the ineffectiveness of [Greubel]. . . . And as the Government stated in United States v. Cockerham that I have to be challenging the plea or the waiver. I am not challenging the plea, but simply challenging the waiver.

(Reply in Support of § 2255 Motion at 15.)

Upon careful review of Defendant's motion and reply brief, it is clear that all substantive arguments made by Defendant relate to Greubel's performance during sentencing. It is also clear that Defendant's true complaint is with the length of his sentence, based on the nature and circumstances of the offense and in comparison to sentences imposed in other cases. While Defendant states that he is challenging the Waiver, he has not provided any factual assertions or arguments that explain or support such challenge. Thus, the Court construes Defendant's § 2255 Motion as challenging Greubel's effectiveness during the sentencing phase of these criminal proceedings. Specifically, Defendant challenges Gruebel's failures to make factual and legal arguments that could have reduced the length of Defendant's sentence.

The next question is whether the Waiver precludes Defendant from raising these sentencing-related arguments in a § 2255 Motion. "[A] waiver of collateral attack rights brought under § 2255

3

is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has outlined a three-prong test for determining whether a defendant has waived appellate rights in a plea agreement, *see United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), and has extended such analysis to waivers of collateral review rights, *see United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006). Thus, a defendant's waiver of collateral review rights is binding if: (1) the scope of the waiver covers the collateral attack; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325; *Wales*, 2006 WL 950655 at * 2 (applying *Hahn* in context of waiver of collateral review rights); *United States v. Jackson*, No. 05-CR-58-C.E., 2007 WL 1690963, at *4 (N.D. Okla. June 11, 2007) (same).

In this case, all of Defendant's properly supported claims of ineffective assistance of counsel relate to sentencing, and not to the validity of the plea or the Waiver. Claims regarding ineffective assistance during sentencing proceedings fall within the scope of the Waiver. *See Cockerham*, 237 F.3d at 1188 (holding that the defendant's argument that counsel was ineffective by failing to require the government to present certain proof during sentencing hearing was not an attack on the validity of the plea and was waived by post-conviction waiver in plea agreement).

When deciding whether a waiver is knowing and voluntary, a court looks to two factors: (1) whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily, and (2) the adequacy of the Rule 11 plea colloquy. *Hahn*, 359 F.3d at 1325. A defendant bears the burden of showing that he did not knowingly and voluntarily enter into the plea agreement. *Id.* at 1329. Upon review of the Rule 11 colloquy, the plea agreement, and the petition to enter a plea of guilty, the Court finds that they were entered knowingly and voluntarily

4

for several reasons. First, the plea agreement and the petition to enter a plea of guilty are both signed by Defendant, and both state that Defendant entered the plea agreement knowingly and voluntarily. Second, the Court conducted a thorough Rule 11 plea colloquy before accepting Defendant's plea. The Court addressed Defendant personally and ensured that the plea was voluntary and did not result from force, threats, or promises other than the promises contained in the plea agreement. The Court also reviewed the Waiver with Defendant, and Defendant indicated that he understood the Waiver. *See Jackson*, 2007 WL 1690963, at *6 (analyzing similar factors in determining whether a waiver was entered knowingly and voluntarily).

An appellate or post-conviction waiver results in a miscarriage of justice only (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, and (4) where the waiver is otherwise unlawful. *See Hahn*, 359 F.3d at 1327. With respect to the fourth factor, a waiver is "otherwise unlawful" only if a court committed plain error that affects a defendant's "substantial rights." *See id.* at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The first three examples of potential miscarriages of justice are not applicable. The Court also concludes that precluding Defendant's post-conviction arguments as waived will not seriously affect the fairness, integrity, or public reputation of judicial proceedings. The Court's imposition of the statutory maximum sentence, which was below the guidelines range, did not result in any plain error or other miscarriage of justice. Greubel made the Court aware of the nature and circumstances of the offense, and the Court considered such circumstances in sentencing Defendant.

Therefore, all arguments raised in his § 2255 Motion are precluded by the Waiver, and the § 2255 Motion must be dismissed for lack of jurisdiction.

## II. Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling that Defendant's claims are precluded by the Waiver is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### III. Conclusion

Defendant's § 2255 motion (Doc. 31) is DISMISSED, and a certificate of appealability is denied. A separate Judgment shall be entered.

SO ORDERED this 23rd day of August, 2012.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE